## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | FREDERICK J. KAPALA | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50054 | **DATE** | April 9, 2008 |
| **CASE TITLE** | Lawrence A. Hawthorne (#A-08052) vs. Winnebago County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's trust fund account for payment to the clerk of court in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Dixon Correctional Center, 2600 N. Brinton Avenue, Dixon, Illinois 61021. However, summonses shall not issue at this time. The plaintiff's motion for appointment of counsel [#4] is granted. Michael J. Hedeen, Michael Hedeen PC, 321 West State Street, Suite 1200, Rockford, Illinois 61101, (815) 965-8840 is appointed as counsel for the plaintiff. The complaint on file is dismissed without prejudice to appointed counsel filing an amended complaint within 60 days if the amended complaint comports with appointed counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on May 28, 2008 at 10:30 a.m.

■ [For further details see text below.]   Docketing to mail notices.

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials and health care providers at the Winnebago County Jail, Swedish American Hospital, and the Stateville Correctional Center, violated the plaintiff's constitutional rights by acting with deliberate indifference to his serious medical needs. More specifically, the plaintiff alleges that after slipping in the shower and injuring himself, he received deficient care for his broken arm and injured wrist and hand.

The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until
**(CONTINUED)**

mjm

**STATEMENT**

the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. This payment obligation will follow the plaintiff in the event of his transfer to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Here, accepting the plaintiff's allegations as true, the court finds that the plaintiff may have a colorable constitutional claim with regard to his medical care. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Walker v. Benjamin*, 293 F.3d 1030, 1037 (7th Cir. 2002).

However, the complaint on file is unacceptable. The plaintiff has not named a proper Winnebago County defendant and appears to have misjoined unrelated claims and defendants.

First, the plaintiff may not bring suit under 42 U.S.C. § 1983 in connection with the allegedly "defective" shower shoes that he blames for his having slipped and fallen in the shower. Although it is most unfortunate that the plaintiff injured himself, his allegations do not implicate the Constitution.

To prevail on a constitutional claim that he was injured by the conditions of his confinement, a plaintiff must show that jail officials were aware of "a substantial risk of serious injury" but nevertheless failed to take appropriate steps to protect him. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Negligence or even gross negligence on the part of correctional officials is not sufficient for liability; their actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

While slippers and flip-flops are often associated with slipping and falling, the plaintiff's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Fourteenth Amendment. *Compare LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors. . . do not state even an arguable claim for cruel and unusual punishment"); *see also Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"). At most, the plaintiff has shown that jail officials were negligent, but as noted *supra*, negligence alone is not enough to support a claim of deliberate indifference. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer*, 511 U.S. at 837. Any cause of action for negligence must be brought in state court.

Furthermore, the Winnebago County Jail is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993). The plaintiff has named only the jail as a defendant, not any individual who he believes denied him proper medical treatment or access to medical care.

Similarly, the court questions whether the Swedish American Hospital's Orthopedic Department is a proper defendant and can be sued under 42 U.S.C. § 1983. In order to be liable under 42 U.S.C. § 1983, a defendant must **(CONTINUED)**

**STATEMENT**

have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004).

In addition, any claims against Stateville officials must be dismissed as improperly joined. The plaintiff's court access claim does not involve a nucleus of facts in common with his core claims relating to his confinement at the Winnebago County Jail. The plaintiff must file a separate action against Stateville officials in the U.S. District Court for the Northern District of Illinois, Eastern Division. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The statute of limitations does not appear to pose an obstacle to refiling suit against the Stateville defendants.

Because the plaintiff does not appear to have the wherewithal to litigate this matter, his motion for appointment of counsel is granted. Michael J. Hedeen, Michael Hedeen PC, 321 West State Street, Suite 1200, Rockford, Illinois 61101, (815) 965-8840 is appointed to represent the plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of the plaintiff to notify the court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

After investigation, appointed counsel should file an amended complaint within sixty days if such amendment comports with counsel's obligations under Rule 11 of the Federal Rules of Civil Procedure. If counsel is unable to file an amended complaint, he should so inform the court.

The warden having custody over the plaintiff is directed to make the plaintiff available at a designated Department of Corrections video conference facility to appear before Magistrate Judge Michael Mahoney for a status/settlement conference on May 28, 2008 at 10:30 a.m.

It is further ordered that, on the status/settlement date above, the plaintiff shall be prepared to orally present a more definite statement, setting forth in detail the factual bases of his cause of action and the personal involvement of each named defendant. *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). All or part of the plaintiff's case may be subject to dismissal if it appears that certain counts or claims do not have a basis in law or in fact. The defendants need not respond to the pending complaint until further order of the court.

It is further ordered that, fourteen days prior to the status/settlement conference date above, without awaiting a discovery request, the parties shall make the following initial disclosures:

    A)    The name of each person having discoverable information relevant to disputed facts alleged with particularity in the pleadings.

    B)    Copies of all documents contained in the medical file and master file (including investigation reports and incident reports), not privileged or protected from disclosure, relevant to disputed facts alleged with particularity in the pleadings. The plaintiff is ordered to produce copies of all documents in his possession that are relevant to disputed facts.

    C)    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not

**(CONTINUED)**

**STATEMENT**

privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

It is further ordered that counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Defense counsel shall issue the appropriate notice of deposition to plaintiff's counsel.

As a final concern, the court notes that the plaintiff made a material misstatement to the court. The court's civil rights complaint form instructed Plaintiff to "List ALL lawsuits you . . . have filed in any state or federal court (including the Central and Southern Districts of Illinois)." (Complaint, p. 5, emphasis in original.) The form goes on to direct, "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS. . . . REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (*Id.*)

Despite the court's admonition, Plaintiff wrote "N/A," failing to mention at least one prior lawsuit filed in this district, *Hawthorne v. Winnebago County Jail*, Case No. 98 C 50053 (N.D. Ill.). The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Because the plaintiff's previous dismissal does not affect his eligibility to proceed *in forma pauperis* in this case, the court will grant the plaintiff the benefit of the doubt and assume that his omission was due to accidental oversight. Nevertheless, the plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should therefore review the documents carefully to ensure that they are complete and accurate. Future misrepresentations to the court could lead to the imposition of sanctions, including dismissal of this case.